JOHN F. BAUM (SBN 148366)
jbaum@hkemploymentlaw.com
KRISTIN L. OLIVEIRA (SBN 204384)
koliveira@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
505 Montgomery Street, 13th Floor
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WEBB,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>(Sacramento County Superior Court Case No. 34-2013-00153897)<br><br>**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[Filed Concurrently with Civil Cover Sheet]<br><br>**Complaint Filed:** October 29, 2013 |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441(a), (b) and 1446, Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant" or "VITAS") hereby removes the above-entitled action from the Superior Court of California for the County of Sacramento to the United States District Court for the Eastern District of California, Sacramento Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I. PROCEDURAL BACKGROUND

On or about October 29, 2013, Plaintiff Susan Webb ("Plaintiff") filed a Complaint in the Superior Court of the State of California, Sacramento County, entitled *Susan Webb v. Vitas Healthcare Corporation of California; and Does 1-50 inclusive*, Case No. 34-2013-00153897 (hereinafter the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

Plaintiff served the Complaint on December 4, 2013. (See Notice of Service of Process attached as Exhibit B.) The Complaint purports to state causes of action against Defendant for various state law causes of action related to Plaintiff's employment with Defendant and the termination of her employment therefrom.

The allegations of this notice are true and correct. This action is within the jurisdiction of the United States District Court for the Eastern District of California, and this case is removable to this Court.

Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law. A Notice to Adverse Party and Court of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Superior Court of the State of California in Sacramento County.

## II. GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY

### A. There is Complete Diversity of Citizenship of the Parties.

This case is properly removable to this Court pursuant to 28 U.S.C. § 1441, which provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.





HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Further, this action is properly removable under 28 U.S.C. § 1441 because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
>
> (1) citizens of different states . . . .

There is complete diversity of citizenship between Plaintiff and Defendant in this case. First, citizenship of a natural person is determined by his or her state of domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As alleged in the Complaint, Plaintiff is a resident of El Dorado County in the State of California. (Complaint, ¶ 1.)

Second, the citizenship of a corporation is determined by the place of its incorporation and its principal place of business. *Industry Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990). At the time of the commencement of this action, and at all times thereafter, Defendant is a wholly-owned subsidiary of Vitas Healthcare Corporation. Both Defendant and Vitas Healthcare Corporations are corporations organized under the laws of the State of Delaware.

The U.S. Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010). At the time of the filing of the Complaint in this case and as of today, Defendant maintains its headquarters in Miami, Florida at 100 South Biscayne Boulevard, Suite 1500. In addition, the large majority of Defendant's officers resides and works in the Miami, Florida area and, when decisions are made about the business of VITAS, such decisions are made by those officers in Miami, Florida. Accordingly, at the time of the filing of the Complaint in this case and as of today, Defendant's "principal place of business" is in Florida. VITAS is therefore a citizen of Delaware and Florida, not California.

Lastly, the citizenship of "Doe" Defendants 1 through 50 is disregarded for purposes of removal jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

Accordingly, there is complete diversity of citizenship under 28 U.S.C. § 1332(a).

**B. <u>The Amount in Controversy Exceeds $75,000.</u>**

Under 28 U.S.C. § 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is it is "more likely than not" that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Court must consider any "sum which would entail a payment" by the defendant, including damages for lost wages, lost future wages, the value of lost health benefits, compensatory damages, punitive damages, and attorney's fees. *Id.* at 701.

Here, although the Complaint does not specify the amount of damages at issue, there is no doubt that the damages Plaintiff seeks – including compensatory damages, punitive damages and attorneys' fees – exceed $75,000. Plaintiff alleges that she was employed by Defendant from September 7, 2009 to June 5, 2012. (Complaint, pp. 4, 6, ¶¶9, 24.) She further alleges that her employment was terminated on or about June 5, 2012, which is approximately 83 weeks ago. (*Id.* at p. 6, ¶ 24.) She seeks economic damages, including lost wages, benefits, and other out-of-pocket expenses, non-economic damages for alleged mental and emotional distress, punitive damages, attorneys' fees, and other applicable damages. (*Id.* at pp. 7, 9, 10, 12, 13, 15, 16, ¶¶35, 37, 38, 46, 48, 49, 55, 57, 58, 62, 64, 65, 71, 73, 74, 81, 82, 88, 90, 91; see also Plaintiff's Prayer for Relief, p. 17, lines 5-14.)

Regarding Plaintiff's claim for emotional distress, a jury could award at least $75,000 for emotional distress damages. *See, e.g., Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a wrongful termination case).

Further, Plaintiff seeks attorneys' fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

included in the amount in controversy." *Guglielmino, supra*, 506 F.3d at 700. California Government Code § 12940 *et. seq.*, the statute upon which Plaintiff relies to assert causes of action for retaliation and disability discrimination, authorizes attorneys' fees to a successful litigant. *See* Government Code § 12965(b); *Stephens v. Coldwell Banker Commercial Group, Inc.* 199 Cal.App.3d 1394, 1405 (1988). The Ninth Circuit has affirmed removal where the district court "conservative[ly]" estimated attorneys' fees to be 12.5% of the actual damages sought. *Guglielmino, supra*, 506 F.3d at 698. This does not even account for recovery of attorneys' fees based on a percentage of emotional distress damages, which are often in the six-figure range.

Finally, Plaintiff seeks punitive damages. In *Guglielmino*, the court "conservative[ly]" estimated punitive damages at a ratio of 1:1 with the actual damages sought. *Id.* In view of Plaintiff's requested economic and non-economic damages, punitive damages could independently amount to at least $75,000 if Plaintiff prevails at trial.

In sum, the damages Plaintiff seeks far exceed the jurisdictional minimum to satisfy diversity jurisdiction. Accordingly, the jurisdictional "amount in controversy" requirement has been met for purposes of the diversity statute.

If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present both written and oral arguments in support of its position that this action is removable to the district court.

## III. <u>THE NOTICE OF REMOVAL IS TIMELY</u>

Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that federal subject matter jurisdiction exists. *See, e.g.*, 28 U.S.C. § 1446(b). That statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …

*Id.*

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

In this case, the Complaint was served on December 4, 2013. (See Notice of Service of Process attached as Exhibit B.) Defendant ascertained upon the date of service that this case was removable. Removal of this action to the federal district court is therefore appropriate and timely according to 28 U.S.C. § 1446(b).

## IV. INTRADISTRICT ASSIGNMENT

The events allegedly giving rise to this action occurred in Sacramento County, California. (Complaint, p. 3, ¶6.) Therefore, venue is proper in the Sacramento Division of the United States District Court for the Eastern District of California.

## V. CONCLUSION

For all of the foregoing reasons, removal of this action to federal court is proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441.

Dated: January 2, 2014

HIRSCHFELD KRAEMER LLP

By: */s/ Kristin L. Oliveira*
John F. Baum
Kristin L. Oliveira
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT A

LAWRANCE A. BOHM (SBN: 208716)
BIANCA N. SAAD (SBN: 269963)
**BOHM LAW GROUP**
4600 Northgate Boulevard, Suite 210
Sacramento, CA 95834
Telephone: (916) 927-5574
Facsimile: (916) 927-2046
Attorneys for Plaintiff,
SUSAN WEBB

FILED
Superior Court Of California,
Sacramento
10/29/2013
cleurgans
By______________, Deputy
Case Number:
34-2013-00153897

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

SUSAN WEBB,

Plaintiff,

v.

VITAS HEALTHCARE CORPORATION OF CALIFORNIA; and DOES 1-50, inclusive,

Defendant.

Case No.:

**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES:**

1. **Retaliation (Gov't Code § 12945.2(l));**
2. **Retaliation (Gov't Code § 12940(h));**
3. **Disability Discrimination (Gov't Code § 12940(a));**
4. **Failure to Prevent Discrimination and Retaliation (Gov't Code § 12940(k));**
5. **Failure to Accommodate (Gov't Code § 12940(m));**
6. **Failure to Engage in Timely and Good Faith Interactive Process (Gov't Code § 12940(n));**
7. **Wrongful Termination in Violation of Public Policy**

**DEMAND FOR JURY TRIAL**

Plaintiff, SUSAN WEBB, respectfully submits the instant Verified Complaint for Damages and Demand for Jury Trial and alleges as follows:

///

///

///

## OVERVIEW OF THIS CASE

Vitas Healthcare Corporation of California discriminated against its employee who suffered from Multiple Sclerosis, a lifelong chronic disease of the central nervous system, which would require her to take intermittent medical leaves of absence consistent with her doctor's orders. This employer and its managing agents disregarded laws intended to protect employee rights to take medical leave, discriminated against the employee because of her disability, and wrongfully terminated her in retaliation for taking statutorily authorized medical leave.

## PARTIES AND JURISDICTION

1. Plaintiff SUSAN WEBB (hereafter "WEBB" or "Plaintiff") was at all times relevant to this action, a recruit, employee or wrongfully terminated employee of Defendant, VITAS HEALTHCARE CORPORATION OF CALIFORNIA (hereafter "VITAS" or "Defendant"). While employed by VITAS and at all times relevant to this action, Plaintiff resided in El Dorado County.

2. Defendant, VITAS, was at all times relevant to this action, a California corporation, engaged in the hospice care business in the State of California. Defendant was at all times relevant an employer as defined by Government Code section 12926, subdivision (d).

3. VITAS Senior General Manager, Sheila Clark was at all times acting in the course and scope of her employment as an officer, a director, or a managing agent of VITAS, responsible for the supervision of VITAS employees, including Plaintiff, and establishing company policy. VITAS Senior General Manager, Sheila Clark was at all times a "supervisor" as defined by Government Code §12926(s), who was acting on behalf of Defendant, who authorized wrongful conduct, and/or knew of the wrongful conduct and adopted or approved of the conduct after it occurred.

4. VITAS Human Resources Representative, Shannon Peacock was at all times acting in the course and scope of her employment as an officer, a director, or a managing agent of VITAS, responsible for the supervision of VITAS employees, including Plaintiff, and establishing company policy. VITAS Human Resources Representative, Shannon Peacock was at all times a "supervisor" as defined by Government Code §12926(s), who was acting on behalf of Defendant, who authorized wrongful conduct, and/or knew of the wrongful conduct and adopted or approved of the conduct after it occurred.

5. VITAS Director of Market Development, Jay Henderson was at all times acting in the course and scope of her employment as an officer, a director, or a managing agent of VITAS, responsible for the supervision of VITAS employees, including Plaintiff, and establishing company policy. VITAS Director of Market Development, Jay Henderson was at all times a "supervisor" as defined by Government Code §12926(s), who was acting on behalf of Defendant, who authorized wrongful conduct, and/or knew of the wrongful conduct and adopted or approved of the conduct after it occurred.

6. Venue and jurisdiction are proper because the majority of the events giving rise to this action took place in Sacramento; because Defendants were doing business in Sacramento County; because Plaintiff's employment was entered into in Sacramento County, because Plaintiff worked for Defendant in Sacramento County; because the damages sought exceed the jurisdictional minimum of this Court; and because the majority of witnesses and events occurred in Sacramento County.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100. Defendants DOES 1 through 100 are sued herein under fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believe, and on that basis alleges, that each Defendant sued under such fictitious names are in some manner responsible for the wrongs and damages as alleged herein. Plaintiff does not at this time know the true names or capacities of said Defendants, but pray that the same may be inserted herein when ascertained.

8. At all times relevant, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining Defendant. All actions of each Defendant as alleged herein were ratified and approved by every other Defendant or their officers or managing agents.

///

///

///

( (

**STATEMENT OF FACTS**

9. On or about September 2009, WEBB began employment at VITAS, as an Representative in Marketing. WEBB also worked as a Respiratory Therapist for VITAS. WEBB was supervised by VITAS Marketing Manager, Jay Henderson ("Henderson").

10. In or around the beginning of 2010, Plaintiff received her first review after passing her probation period.

11. In or around August 2010, WEBB was diagnosed with multiple sclerosis (MS), a chronic autoimmune disease affecting the central nervous system. MS can cause a variety of symptoms, which are unpredictable in nature and vary from person to person. MS is a condition protected by both the Americans with Disabilities Act ("ADA") and California's Fair Employment and Housing Act ("FEHA").

12. Although WEBB continued to work after her MS diagnosis, she underwent Prednisone infusion treatment and suffered migraines and pain from optic neuritis, a condition related to her MS.

13. In or around February 2011, WEBB was promoted and took on the position of Community Liaison, in addition to her Respiratory Therapist duties. The transition for Ms. Webb was seamless and she continued to be a valuable team employee.

14. In or around February 2011, VITAS promoted two more employees to a Community Liaison position.

15. In or around April 2011, as a result of symptoms caused by MS, WEBB submitted a request to take a medical leave of absence under the California Family Rights Act ("CFRA") / Family Medical Leave Act ("FMLA").

16. On or about April 26, 2011, WEBB informed VITAS Senior General Manager, Sheila Clark ("Clark), VITAS Human Resources representative, Shannon Peacock ("Peacock"), and Henderson, of her MS diagnosis. As a result of her symptoms caused by MS, WEBB submitted a request to take a medical leave of absence under CFRA/FMLA. WEBB's leave of absence lasted for approximately eight (8) weeks.

///

///

17. On or around June 20, 2011, WEBB returned to work full time. Upon her return, WEBB provided VITAS with a note from her doctor, confirming her release to return to work full time. The doctor's note also indicated the need for a reasonable accommodation and stated, "If needed, she may need to work less hours occasionally."

18. WEBB maintained strong performance and had no flare-ups caused by her MS until February of 2012.

19. In or around December 2011, WEBB received her second employment evaluation after repeatedly reminding her supervisor, Henderson (later named VITAS Director of Market Development), that one had not been performed in the past fifteen months.

20. On or about February 7, 2012, due to a severe flare up resulting from her MS, WEBB filled out the appropriate FMLA paperwork with Peacock and went out on a medical leave of absence. WEBB remained on medical leave until June 4, 2012, due to her medical condition.

21. Beginning March 7, 2012, until April 25, 2012, WEBB's FMLA status was denied, because according to VITAS she was "out of time." As a result, WEBB had to pay for COBRA medical coverage during that time period. Beginning April 26, 2012, WEBB's FMLA status and approval was reinstated.

22. Prior to her return to work, VITAS approved WEBB's request for intermittent CFRA/FMLA leave for the time period beginning June 4, 2012 and ending on July 7, 2012. A reduced work schedule was necessary to accommodate unpredictable flare-ups, treatment or rehabilitation related to MS.

23. On or about June 1, 2012, WEBB contacted Peacock to confirm her status of returning to work on June 4, 2012. After speaking with Ms. Peacock's assistant, WEBB was informed that her paperwork was not ready, and that WEBB was to return on June 5, 2012. WEBB scheduled a respiratory therapy session with a patient on June 5, 2012, which she believed would be her first day back at work.

///

///

///

24. On or about June 5, 2012, when WEBB returned to work, WEBB was immediately called into a meeting with Henderson and Clark. During the meeting, WEBB was told that her employment was terminated, effective immediately. WEBB was told her position was being eliminated and the Community Liaisons would later be informed. WEBB was absolutely shocked and blindsided by this devastating news.

25. WEBB was told by Clark that she was the first Community Liaison to be terminated from VITAS, and others would probably follow. In fact, WEBB is unaware of any other Community Liaisons having had their employment terminated, despite VITAS' claim that the Community Liaison position was "eliminated."

26. On November 5 2012, WEBB filed a complaint of discrimination with the Department of Fair Employment and Housing ("DFEH") against VITAS. On the same day, WEBB received a Notice of Case Closure and Right-to-Sue Notice from the DFEH.

27. On November 19, 2012, counsel for WEBB served this DFEH Notice of Case Closure and Right-to-Sue Notice on VITAS. A true and correct copy of the DFEH documents served on VITAS is attached hereto as **Exhibit A.**

## FIRST CAUSE OF ACTION

**(California Family Rights Act Retaliation; Gov't Code § 12945.2(l)1)**

28. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

29. At all times relevant to this action, the California Family Rights Act ("CFRA") and California Government Code §§ 12940 *et. seq.* were in full force and effect, and binding on Defendant. Defendant's statements and conduct represent a violation of CFRA, specifically, California Government Code § 12945.2(l)1.

30. In or around April 2011, Plaintiff took medical leave pursuant to the California Family Rights Act and Family Medical Leave Act. After eight weeks of medical leave, in or around the third week of June 2011, Plaintiff returned to work.

///

///

31. In or around February 2012, Plaintiff took medical leave pursuant to the California Family Rights Act and Family Medical Leave Act. In or around the first week of June 2012, Plaintiff returned to work. Plaintiff also had plans to take intermittent leave as needed during the months of June and July of 2012.

32. Immediately upon her return to work, VITAS terminated Plaintiff's employment.

33. The protected medical leaves Plaintiff took, and those medical leaves which she requested to take, were motivating reasons for Defendant's decision to terminate Plaintiff. Plaintiff has lost income, business opportunities and suffered severe emotional distress because of Defendant's actions.

34. Plaintiff's protected medical leaves were not merely a remote or trivial reason for the adverse employment actions by Defendant, but rather a substantial motivating reason that actually contributed to the adverse employment actions by Defendant.

35. Defendant's discriminatory conduct was a substantial factor causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial.

36. As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code §12926(a).

37. As an actual and proximate result of Defendant's unlawful conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses.

38. As an actual and proximate result of the aforementioned acts of Defendants, Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for mental and emotional distress in an amount according to proof at time of trial.

///

///

///

///

39. The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(Retaliation; Gov't Code § 12940(h))**

40. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

41. At all times relevant to this matter, Plaintiff suffered from Multiple Sclerosis, a "physical disability" as defined by Government Code § 12926(k) and Title 2 of the California Code of Regulations § 7293.6(d). Plaintiff was able to perform the essential functions of her position as defined by Government Code § 12926(f) and Title 2 of the California Code of Regulations § 7293.6(e).

42. Plaintiff (1) provided timely notice to Defendant of her need for medical leaves, and (2) had requested accommodation of a physical disability that was known to Defendant. These activities are protected by the California Fair Employment and Housing Act. Accordingly, Defendant's conduct violated Government Code §§ 12940(h) and 12945.2(l).

43. Adverse employment actions suffered by Plaintiff include, but are not limited to: (1) Defendant's failure to engage in the interactive process of accommodation in good faith; (2) Defendant's failure to accommodate Plaintiff's disability; (3) Defendant's elimination of Plaintiff's Community Liaison position as described above in ¶¶ 24-25; (4) Defendant's termination of Plaintiff's employment; and (5) any other of Defendant's discrimination against Plaintiff with regard to the terms and conditions of her employment because she engaged in activities protected by the California Fair Employment and Housing Act. Defendant's actions were motivated, at least in part, because Plaintiff engaged in protected activities.

///

44. Defendant was motivated to retaliate because Plaintiff asserted her rights to take continuous and intermittent leaves of absence and requested accommodations related to her physical disabilities. Accordingly, Defendant's conduct violated Government Code § 12940(h) and Title 2 of the California Code of Regulations § 7287.8.

45. Plaintiff's protected medical leaves were not merely a remote or trivial reason for the adverse employment actions by Defendant, but rather a substantial motivating reason that actually contributed to the adverse employment actions by Defendant.

46. Defendant's discriminatory conduct was a substantial factor causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial.

47. As an actual and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

48. As an actual and proximate result of Defendant's unlawful conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses.

49. As an actual and proximate result of the aforementioned acts of Defendants, Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for mental and emotional distress in an amount according to proof at time of trial.

50. The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

///

///

///

///

**THIRD CAUSE OF ACTION**

**(Disability Discrimination, Gov't Code § 12940(a))**

51. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

52. At all times relevant to this matter, Plaintiff suffered from Multiple Sclerosis, a "physical disability" as defined by Government Code § 12926(k) and Title 2 of the California Code of Regulations § 7293.6(d). In spite of her disability, Plaintiff was able to perform the essential functions of her position as defined by Government Code § 12926(f) and Title 2 of the California Code of Regulations § 7293.6 (e) and was otherwise able to perform her job had Defendant provided the reasonable accommodation required by Government Code § 12926(n) and Title 2 of the California Code of Regulations § 7293.9(a).

53. Defendant's conduct violated Government Code § 12940(a) consistent with Title 2 of the California Code of Regulations § 7293.7. Specifically, Defendant denied Plaintiff reasonable accommodations when she exercised her right to take intermittent medical leave pursuant to the federal Family and Medical Leave Act (29 U.S.C. §§ 2601, *et seq.*) and/or the California Family Rights Act (Gov't Code § 12945.2). Further, as described in ¶¶ 22, 26-27 above, Defendant refused to accommodate Plaintiff and retaliated against her for exercising her right to take medical leave by eliminating her Community Liaison position and terminating her as soon as she returned to work from medical leave. Defendants did so despite Plaintiff's experience in her job and knowledge she could perform the duties of the position.

54. Plaintiff's disability was not merely a remote or trivial reason for the adverse employment actions by Defendant, but rather a substantial motivating reason that actually contributed to the adverse employment actions by Defendant.

55. Defendant's discriminatory conduct was a substantial factor causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial.

///

///

56. As an actual and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

57. As an actual and proximate result of Defendant's unlawful conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses.

58. As an actual and proximate result of the aforementioned acts of Defendants, Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for mental and emotional distress in an amount according to proof at time of trial.

59. The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Failure to Prevent Discrimination and Retaliation; Gov't Code § 12940(k))**

60. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

61. Defendant knew or should have known about the disability discrimination and retaliation committed against Plaintiff by managing agent(s) and/or officer(s) of Defendant as set forth above. Similarly, Defendant knew or should have known that Plaintiff's disabilities had not been properly addressed. Defendant failed to implement adequate training, policies or instructions that would have prevented the aforementioned harassment, discrimination and retaliation. Defendant breached its duty to prevent the above-described discrimination and retaliation committed against Plaintiff. Accordingly, Defendant violated Government Code § 12940(k).

///

///

62. Defendant's discriminatory conduct was a substantial factor causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial.

63. As an actual and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

64. As an actual and proximate result of Defendant's unlawful conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses.

65. As an actual and proximate result of the aforementioned acts of Defendants, Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for mental and emotional distress in an amount according to proof at time of trial.

66. The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Failure to Accommodate, Gov't Code § 12940(m))**

67. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

68. At all times relevant to this matter, Plaintiff suffered from a "physical disability" as defined by Government Code § 12926(l) and Title 2 of the California Code of Regulations § 7293.6(d) Plaintiff was able to perform the essential functions of her position as defined by Government Code § 12926(f) and Title 2 of the California Code of Regulations § 7293.6(e) and was otherwise able to perform her job had Defendant provided the reasonable accommodation required by Government Code § 12926(n) and Title 2 of the California Code of Regulations § 7293.9(a).

69. Defendant's conduct violated Government Code § 12940(a) and was consistent with Title 2 of the California Code of Regulations § 7293.7, by: (1) terminating Plaintiff without consideration or in the alternative without regard to her physical disability; (2) terminating Plaintiff because she exercised her right to take intermittent and continuous medical leaves of absence pursuant to the federal Family and Medical Leave Act (29 U.S.C. §§ 2601, *et seq.*) and/or the California Family Rights Act (Gov't Code § 12945.2); and, (3) otherwise discriminating against Plaintiff with regard to the terms and conditions of her employment because of her physical disability.

70. Defendant cannot establish that allowing Plaintiff's accommodation was an "undue hardship" as defined by Government Code §. 12926(s) and Title 2 of the California Code of Regulations § 7293.9(j). Accordingly, Defendant's conduct violated Government Code § 12940(m).

71. Defendant's discriminatory conduct was a substantial factor causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial.

72. As an actual and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

73. As an actual and proximate result of Defendant's unlawful conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses.

74. As an actual and proximate result of the aforementioned acts of Defendants, Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for mental and emotional distress in an amount according to proof at time of trial.

75. The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

///

## SIXTH CAUSE OF ACTION

**(Failure to Engage in Timely and Good Faith Interactive Process (Gov't Code § 12940(n))**

76. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

77. At all times relevant to this matter, Plaintiff suffered from a "physical disability" as defined by Government Code § 12926(k) and Title 2 of the California Code of Regulations § 7293.6(d). In spite of her disability, Plaintiff was able to perform the essential functions of her position as defined by Government Code § 12926(f) and Title 2 of the California Code of Regulations § 7293.6(e) and was otherwise able to perform her job had Defendant provided the reasonable accommodation required by Government Code § 12926(n) and Title 2 of the California Code of Regulations § 7293.9(a).

78. Although Plaintiff provided multiple notices pertaining to her disability, Defendant failed to engage in a good faith interactive process to the extent needed to communicate to Plaintiff that Defendant believed business necessity required that her the parameters of the accommodation be reassessed. Defendant did not discuss the nature and extent of Plaintiff's health condition, the advice and recommendation of her health care providers, the extent and underlying medical necessity of the accommodation, and the need for future accommodation as well as other important areas of inquiry recognized in the Unites States Equal Employment Opportunity Commission's "Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans With Disabilities Act" noted by the California Legislature in Government Code § 12926.1(e). Defendant's obligation to engage in the interactive process of accommodation was not excused or waived by Plaintiff. Since Defendant failed to engage in the important interactive process between employee and the employer in determining reasonable accommodation, Defendant's conduct violated Government Code § 12940(n).

79. Defendant's discriminatory conduct was a substantial factor causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial.

///

80. As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code §12926(a).

81. As an actual and proximate result of Defendant's unlawful conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses.

82. As an actual and proximate result of the aforementioned acts of Defendants, Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for mental and emotional distress in an amount according to proof at time of trial.

83. The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

84. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

85. Defendant's termination of Plaintiff based upon Plaintiff's physical disabilities constituting serious medical conditions, Plaintiff's requests for reasonable accommodation, and the need to engage in the interactive process, violated important public policies codified in Government Code, including but not limited to, §§ 12940(a), 12940(h), 12940(k), 12940(m), 12940(n), 12945.2(l)1, and Title 2 of the California Code of Regulations §§ 7287.6, 7287.7, 7287.8, 7291.6, 7293.7, 7293.9 and 7294.0.

///

///

///

86. Plaintiff alleges that Defendant's termination of her employment on or around June 5, 2012, was a discriminatory and retaliatory act in violation of the FEHA that was motivated, at least in part, by Plaintiff having exercised her right to take intermittent medical leave pursuant to the federal Family and Medical Leave Act (29 U.S.C. §§ 2601, *et seq.*) and/or the California Family Rights Act (Gov't Code § 12945.2).

87. Plaintiff's disability and protected activities were not merely a remote or trivial reason for the adverse employment actions by Defendant, but rather a substantial motivating reason that actually contributed to the adverse employment actions by Defendant.

88. Defendant's discriminatory conduct was a substantial factor causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial.

89. As an actual and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

90. As an actual and proximate result of Defendant's unlawful conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses.

91. As an actual and proximate result of the aforementioned acts of Defendants, Plaintiff has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for mental and emotional distress in an amount according to proof at time of trial.

92. The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and any other defendants who may be later added to this action as follows:

1. For compensatory damages, including, but not limited to lost wages and emotional distress in an amount according to proof;

2. For attorneys' fees and costs pursuant to all applicable statutes or legal principles;

3. For costs of suit incurred;

4. For punitive damages pursuant to all applicable statutes or legal principles;

5. For prejudgment interest on all amounts claimed pursuant to Civil Code section(s) 3287 and/or 3288;

6. For injunctive relief preventing further discrimination and retaliation and as otherwise deemed appropriate;

7. For such other and further relief as the court may deem proper.

Respectfully Submitted,

Dated: October 29, 2013

By: [signature]

LAWRANCE A. BOHM, ESQ.
BIANCA N. SAAD, ESQ.
Bohm Law Group

Attorneys for Plaintiff
SUSAN WEBB

///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for this matter.

Dated: October 29, 2013

By: [signature]

LAWRANCE A. BOHM, ESQ.
BIANCA N. SAAD, ESQ.
Bohm Law Group

Attorneys for Plaintiff
SUSAN WEBB

**VERIFICATION**

I, Susan Webb, the undersigned say and declare that:

That I am the Plaintiff in this action; I have read the foregoing:

Plaintiff's Verified Complaint for Damages and Demand for Jury Trial

and I know the contents thereof. Said answers are true of my own knowledge, except to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct and that this declaration was executed at Sacramento, California, on this day of ______________________.

Susan Webb

Susan Webb

# EXHIBIT A

BLG
Bohm Law Group

Writer's Email:
Brant@BohmLaw.com

November 19, 2012

**VIA CERTIFIED MAIL**
**Article No. 7011 2970 0002 5952 8590**

Vitas Healthcare Corporation
2710 Gateway Oaks Drive, #150N
Sacramento, CA 95833

**Re: Susan Webb / Vitas Healthcare Corporation**

Dear EEO Manager:

Enclosed please find complaint, notice of right-to-sue, and notice of case closure from the California Department of Fair Employment and Housing for the following:

1) Vitas Healthcare Corporation

These documents are being served pursuant to Government Code 12962 (c).

Please contact me immediately if you have any questions regarding the foregoing. Otherwise, I thank you for your professional courtesy and cooperation in this regard.

Very Truly Yours,

Lawrance A. Bohm, Esq.

Copy w/ encl.: Ms. Susan Webb

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Nov 05, 2012

Susan Webb
810 Hoddington Road
El Dorado Hills, CA 95762

RE: 59301-28162 - Webb Susan

Notice of Case Closure and Right to Sue

Dear Susan Webb:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Nov 05, 2012 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Department of Fair Employment and Housing

cc: CSC-Lawyers Incorporating Servi, Agent for Service for Vitas Healthcare Corporation

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

November 05, 2012

Lawrance A. Bohm, Esq.
4600 Northgate Blvd., #210
Sacramento, CA 95834

RE: 59301-28162 - Webb Susan

NOTICE TO COMPLAINANT'S ATTORNEY

Attached is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900, et seq. Also attached is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Sincerely,

Department of Fair Employment and Housing

RECEIVED NOV 0 7 2012

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

November 05, 2012

RE: 59301-28162 - Webb Susan

Notice of Filing of Discrimination Complaint

Enclosed is a copy of a complaint that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. Complainant has requested an authorization to file a lawsuit. This complaint is not being investigated and is being closed immediately. A copy of the closing letter and right to sue is enclosed for your records.

NO RESPONSE TO DFEH IS REQUESTED OR REQUIRED.

Please see the next page for the Respondent(s) name and address

# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
59301-28162

COMPLAINANT NAME:
Susan Webb

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| RESPONDENT NAME: | AGENT FOR SERVICE NAME: | TELEPHONE NUMBER: |
|---|---|---|
| Vitas Healthcare Corporation | CSC-Lawyers Incorporating Servi | |

| ADDRESS (AGENT FOR SERVICE): | CITY/STATE/ZIP: |
|---|---|
| 2710 Gateway Oaks Drive, #150N | Sacramento, CA 95833 |

| NO. OF EMPLOYEES/MEMBERS: | DATE MOST RECENT DISCRIMINATION TOOK PLACE: | TYPE OF EMPLOYER: |
|---|---|---|
| 1000 | Jun 05, 2012 | Private Employer |

CO-RESPONDENT(S):

| NAME | ADDRESS |
|---|---|

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

DATED November 05, 2012 At El Dorado Hills VERIFIED BY:Lawrance A. Bohm "attorney for complainant"

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

I ALLEGE THAT I EXPERIENCED:
Discrimination, Harassment, Retaliation

ON OR BEFORE: Jun 06, 2012

BECAUSE OF MY ACTUAL OR PERCEIVED: Age - 40 and over, Disability - including HIV and AIDS, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including Cancer, Other FMLA/CFRA Protected Leave

AS A RESULT, I WAS: Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied family care or medical leave, Denied promotion, Denied reasonable accommodation, Denied reinstatement, Terminated, Other

STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION:

UNITED STATES POSTAL SERVICE.

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**Bohm Law Group**
4600 Northgate Blvd.
Suite 210
Sacramento, CA 95834

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Vitas Healthcare Corporation
2710 Gateway oaks Drive, #150
Sacramento, CA 95833

2. Article Number (Transfer from service label) 7011 2970 0002 5952 8590

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) LINDA KING

C. Date of Delivery NOV 20 2012

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

# EXHIBIT B

CSC

CORPORATION SERVICE COMPANY®

MWM / ALL
Transmittal Number: 11916160
Date Processed: 12/05/2013

# Notice of Service of Process

**Primary Contact:** Dean Robertson Esq.
Vitas Healthcare Corporation
100 S Biscayne Blvd
Suite 1500
Miami, FL 33131-2021

**Copy of transmittal only provided to:** Tamara Coleman
Juan Lopez

| | |
|---|---|
| **Entity:** | Vitas Healthcare Corporation Of California<br>Entity ID Number 1628509 |
| **Entity Served:** | Vitas Healthcare Corporation of California |
| **Title of Action:** | Susan Webb vs. Vitas Healthcare Corporation of California |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sacramento County Superior Court, California |
| **Case/Reference No:** | 34-2013-00153897 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/04/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Lawrence A. Bohm<br>916-927-5574 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 505 Montgomery Street, 13th Floor, San Francisco, California 94111. On January 2, 2014, I served the following document(s) by the method indicated below:

**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S NOTICE OF REMOVAL and CIVIL COVER SHEET**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☐ by **email delivery** transmission of a copy of the foregoing document(s) was sent to the addressee(s)

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On January 2, 2014, I caused to be served via messenger the above-listed documents.

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

***Attorneys for Plaintiff:***

Lawrance A. Bohm
Bianca N. Saad
Bohm Law Group
4600 Northgate Boulevard, Suite 210
Sacramento, CA 95834

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 2, 2014, at San Francisco, California.

Rebecca Erickson
Rebecca Erickson

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO