1   JOHN F. BAUM (SBN 148366)
    jbaum@hkemploymentlaw.com
2   KRISTIN L. OLIVEIRA (SBN 204384)
    koliveira@hkemploymentlaw.com
3   HIRSCHFELD KRAEMER LLP
    505 Montgomery Street, 13th Floor
4   San Francisco, CA  94111
    Telephone:  (415) 835-9000
5   Facsimile:  (415) 834-0443

6   Attorneys for Defendant
    VITAS HEALTHCARE CORPORATION OF
7   CALIFORNIA

8   LAWRANCE A. BOHM (SBN 208716)
    LBohm@Bohmlaw.com
9   BIANCA N. SAAD (SBN 269963)
    Bianca@bohmlaw.com
10  BOHM LAW GROUP
    4600 Northgate Boulevard, Suite 210
11  Sacramento, CA 95834
    Telephone:  (916) 927-5574
12  Facsimile:  (916) 927-2046

13  Attorneys for Plaintiff
    SUSAN WEBB

14                    UNITED STATES DISTRICT COURT

15                    EASTERN DISTRICT OF CALIFORNIA

16

17

18  SUSAN WEBB,                         Case No.  2:14-cv-00006-KJM-KJN

19               Plaintiff,             **AMENDED STIPULATED PROTECTIVE
                                        ORDER**
    vs.
20                                      **Complaint Filed:**  October 29, 2013
    VITAS HEALTHCARE
21  CORPORATION OF CALIFORNIA; and
    DOES 1-50, inclusive,
22
               Defendants.
23

24  **1.      PURPOSES AND LIMITATIONS**

25          Disclosure and discovery activity in this action are likely to involve production of

26  confidential, proprietary, or private information for which special protection from public

27  disclosure and from use for any purpose other than prosecuting or defending this litigation would

28  be warranted.  Accordingly, Plaintiff Susan Webb and Defendant Vitas Healthcare Corporation of

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

California (individually, "Party," and collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal, and that Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    **DEFINITIONS**

2.1    **Party**.

Any party to this action, including all of its officers, directors, managers, employees, consultants, retained experts, and counsel (and their support staff).

2.2    **Disclosure or Discovery Material**.

All items or information that are produced in disclosures or responses to discovery in this matter, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things).

2.3    **Confidential Information or Items**.

Information or tangible things that qualify for protection under applicable California and/or federal law, regardless of how generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things).

2.4    **Receiving Party**.

A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5    **Producing Party**.

A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6    **Designating Party**.

A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

**2.7     Protected Material.**

Any Disclosure or Discovery Material that is designated "CONFIDENTIAL."

**2.8     Counsel.**

Attorneys, whether outside counsel or in-house counsel, who represent or advise a Party in this action.

**2.9     Expert.**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.10     Professional Vendors.**

A person or entity that provides litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and the person's or entity's employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material but any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or non-party that designates information or items for protection under this

3

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to encumber or retard the case development process unnecessarily, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2**   **Manner and Timing of Designations.**

Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires that:

**(a)**   **For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings):**

The Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.

**(b)**   **For testimony given in deposition or in other pretrial or trial proceedings:**

The Party or non-party offering, sponsoring, or giving the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

1   protection, the Party or non-party that offers, sponsors, or gives the testimony may invoke on the

2   record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify

3   the specific portions of the testimony as to which protection is sought.  Only those portions of the

4   testimony that are appropriately designated for protection within the 20 days shall be covered by

5   the provisions of this Stipulated Protective Order.

6         Transcript pages containing Protected Material must be separately bound by the court

7   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

8   instructed by the Party or non-party offering or sponsoring the witness or presenting the

9   testimony.

10              **(c)      For information produced in some form other than documentary, and
                           for any other tangible items:**

12         The Producing Party affix in a prominent place on the exterior of the container(s) in which

13   the information or item is stored the legend "CONFIDENTIAL."  If only portions of the

14   information or item warrant protection, the Producing Party, to the extent practicable, shall

15   identify the protected portions.

16         **5.3      Inadvertent Failures to Designate.**

17         If timely corrected, an inadvertent failure to designate qualified information or items as

18   "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure

19   protection under this Stipulated Protective Order for such material.  If material is appropriately

20   designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party,

21   on timely notification of the designation, must make reasonable efforts to ensure that the material

22   is treated in accordance with the provisions of this Stipulated Protective Order.

23   **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24         **6.1      Timing of Challenges.**

25         Unless a prompt challenge to a Designating Party's confidentiality designation is

26   necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later

27   significant disruption or delay of the litigation, a Party does not waive its right to challenge a

28   confidentiality designation by electing not to mount a challenge promptly after the original

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 2:14-cv-00006-KJM-KJN                                                        4816-3540-0220

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

designation is disclosed.

### 6.2    Meet and Confer.

A Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

### 6.3    Judicial Intervention.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL

6

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons or entities authorized under this Stipulated Protective Order.

**7.2**    **Disclosure of Confidential Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, managers, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    the Receiving Party's Experts and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(d)    the Court and its personnel;

(e)    neutrals or mediators retained by the Parties for alternative dispute resolution purposes;

(f)    court reporters and their staffs to whom disclosure is reasonably necessary for this litigation;

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and,

(h)    the author of the document or the original source of the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, when possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court

7

Hirschfeld Kraemer LLP
Attorneys At Law
San Francisco

order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or party or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or party to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order.

**10.    FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Eastern District of California, Local Rules of Court 140 and 141.

**11.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

8

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) above.

**12.   MISCELLANEOUS**

**12.1   Right to Further Relief.**

Nothing in this Stipulated Protective Order abridges the right of any Party, person, or entity to seek its modification by the Court in the future.

**12.2   Right to Assert Other Objections.**

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right she or it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 2:14-cv-00006-KJM-KJN

4816-3540-0220

1    Dated: August 13, 2014                                HIRSCHFELD KRAEMER LLP

2

3                                                By: */s/ Kristin L. Oliveira*
                                                        John F. Baum
4                                                       Kristin L. Oliveira
                                                 Attorneys for Defendant
5                                                VITAS HEALTHCARE CORPORATION OF
                                                 CALIFORNIA
6

7    Dated: August 13, 2014                                BOHM LAW GROUP

8

9                                                By: */s/Bianca N. Saad (as authorized on 8/12/14)*
                                                        Lawrance A. Bohm
10                                                      Bianca N. Saad
                                                 Attorneys for Plaintiff
11                                               SUSAN WEBB

12

13

14

15          PURSUANT TO THE AMENDED STIPULATION, IT IS SO ORDERED, except that

16   the court will not retain jurisdiction over the enforcement of the stipulated protective order after

17   termination of the action.  See E.D. Cal. L.R. 141.1(f).  Furthermore, nothing in this order limits

18   the testimony of parties or non-parties, or the use of certain documents, at any court hearing or

19   trial.  Such determinations will only be made by the court at the hearing or trial, or upon an

20   appropriate motion.

21   Dated:  August 15, 2014

22

23

24   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

25

26

27

28

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 2:14-cv-00006-KJM-KJN                                              4816-3540-0220

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO